# EXHIBIT 1

**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
  todd@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/14/2025**
**Clerk of the Court**
BY: SAHAR ENAYATI
**Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CIVIL DIVISION

CGC-25-624319

| | |
|---|---|
| MAYA WRIGHT-LEVARIO, an individual, on behalf of herself, the general public, and those similarly situated, | CASE NO. |
| Plaintiff, | COMPLAINT FOR VIOLATION OF CAL. CODE OF CIVIL PROCEDURE SECTION 1281.98 |
| v. | |
| DINE BRANDS GLOBAL, INC., | |
| Defendant. | |

- 1 -
COMPLAINT

Plaintiff Maya Wright-Levario ("Plaintiff") brings this action on behalf of herself against Dine Brands Global, Inc. ("Defendant" or "Applebee's"). Plaintiff's allegations against Defendant are based upon information and belief and upon investigation of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## THE PARTIES

1. Plaintiff Maya Wright-Levario is, and was at all relevant times, an individual and resident of Bakersfield, California. Plaintiff intends to remain in California and makes her permanent home there.

2. Defendant Dine Brands Global, Inc. is a Delaware corporation with its headquarters and principal place of business in Pasadena, California.

## JURISDICTION AND VENUE

3. This action is brought pursuant to, *inter alia*, California Code of Civil Procedure, section 1281.98.

4. Venue is proper in this Court in accordance with California Code of Civil Procedure, section 395(a), because the injuries and harm upon which this action is based occurred in, or arose out of activities engaged in by Defendant within, affecting, and emanating from, the State of California. Specifically, the injuries and harm upon which this action is based occurred in an arbitration proceeding taking place in San Francisco, California.

5. Plaintiff accordingly alleges that jurisdiction and venue are proper in this Court.

## SUBSTANTIVE ALLEGATIONS

6. Defendant owns and franchises the Applebee's, IHOP, and Fuzzy's Taco Shop restaurant brands. Defendant also owns and operates websites corresponding to each of the brands that provide website visitors information about Defendant's restaurants and food offerings. Plaintiff is a consumer that visited Defendant's Applebee's website and alleges privacy violations arising out of her website visit.

COMPLAINT

7. Defendant's websites each contain a Terms of Use that purports to require all website users to arbitrate all disputes with Defendant before Judicial Arbitration and Mediation Services, Inc. ("JAMS"). Defendant drafted the Terms of Use.

8. Accordingly, on June 10, 2024, Plaintiff filed a demand for arbitration in the San Francisco regional office with JAMS Arbitration. Plaintiff sought a declaration from the arbitrator that the arbitration agreement contained in the Terms of Use on Defendant's website was not enforceable so she could pursue her claims arising out of Defendant's privacy violations in court.

9. The Honorable Robert L. Dondero (Ret.) was assigned as the arbitrator.

10. On November 4, 2024, JAMS provided an invoice to Defendant for retainer of the arbitrator, stating the payment was due upon receipt. Pursuant to Cal. Code of Civil Procedure section 1281.98, Defendant's deadline to pay the arbitration fees was December 4, 2024.

11. On December 11, 2024, JAMS followed up with the parties regarding the payment of the filing fee.

12. On December 11, 2024, Defendant informed the case administrator that it had initiated payment.

13. On December 11, 2024, Plaintiff requested that JAMS administratively close the arbitration pursuant to Cal. Code of Civil Procedure section 1281.98 because Defendant's payment was untimely.

14. On December 20, 2024, JAMS closed the arbitration, citing Cal. Code of Civil Procedure Section 1281.98. *See* Ex. A at 6–7. The Arbitrator concluded that Defendant's late payment of fees was a breach of the arbitration agreement, stating "the late payment of fees is a material breach of the arbitration agreement." *Id.*

15. California Code of Civil Procedure § 1281.98(a)(1) requires the drafting party, i.e., Defendant, to pay certain fees and costs during the pendency of an arbitration proceeding. If

COMPLAINT

the payment is not made within 30 days, the drafting party is in material breach of the arbitration agreement.

16.     If the drafting party materially breaches the arbitration agreement, California Code of Civil Procedure § 1281.98(b) allows a consumer to withdraw from the arbitration. After withdrawal, Section 1281.98(c) provides that the consumer "may bring a motion, or a separate action, to recover all attorney's fees and all costs associated with the abandoned arbitration proceeding. The recovery of arbitration fees, interest, and related attorney's fees shall be without regard to any findings on the merits in the underlying action or arbitration."

17.     California Code of Civil Procedure § 1281.99 provides:

(a) The court shall impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach.

(b) In addition to the monetary sanction described in subdivision (a), the court may order any of the following sanctions against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, unless the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

(1) An evidence sanction by an order prohibiting the drafting party from conducting discovery in the civil action.

(2) A terminating sanction by one of the following orders:

     (A) An order striking out the pleadings or parts of the pleadings of the drafting party.

     (B) An order rendering a judgment by default against the drafting party.

(3) A contempt sanction by an order treating the drafting party as in contempt of court.

18.     Defendant failed to timely pay the invoice and Plaintiff requested the arbitration be closed. The arbitrator closed the proceeding, concluding that late payment constitutes a material breach. As such, Plaintiff now seeks recovery of her attorneys' fees and costs

COMPLAINT

associated with the arbitration. She further seeks imposition of non-monetary sanctions, as set forth below.

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CODE OF CIVIL PROCEDURE § 1281.98

19.     California Code of Civil Procedure § 1281.98(a)(1) states:

In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach.

20.     Plaintiff's arbitration against Defendant was a "consumer arbitration" under § 1281.98(a)(1) and Defendant drafted the arbitration agreement on its websites' Terms of Use.

21.     Defendant was required to pay the November 4, 2024 invoice for arbitration fees within thirty days. Defendant failed to pay the requested fee until December 11, 2024.

22.     California Code of Civil Procedure § 1281.98(b) states:

If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may unilaterally elect to do any of the following:

(1) Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction. If the employee or consumer withdraws the claim from arbitration and proceeds with an action in a court of appropriate jurisdiction, the statute of limitations with regard to all claims brought or that relate back to any claim brought in arbitration shall be tolled as of the date of the first filing of a claim in any court, arbitration forum, or other dispute resolution forum.

(2) Continue the arbitration proceeding, if the arbitration provider agrees to continue administering the proceeding, notwithstanding the drafting party's failure to pay fees or costs. The neutral arbitrator or arbitration provider may institute a collection action at the conclusion of the arbitration proceeding against the drafting party that is in default of the arbitration for payment of all fees associated with the employment or consumer arbitration proceeding, including the cost of administering any proceedings after the default.

- 5 -

COMPLAINT

(3) Petition the court for an order compelling the drafting party to pay all arbitration fees that the drafting party is obligated to pay under the arbitration agreement or the rules of the arbitration provider.

(4) Pay the drafting party's fees and proceed with the arbitration proceeding. As part of the award, the employee or consumer shall recover all arbitration fees paid on behalf of the drafting party without regard to any findings on the merits in the underlying arbitration.

23.    When Defendant failed to timely pay the arbitration fees, Plaintiff informed the arbitrator that she elected to withdraw the arbitration and requested that the arbitration be closed.

24.    California Code of Civil Procedure § 1281.98(c) states:

If the employee or consumer withdraws the claim from arbitration and proceeds in a court of appropriate jurisdiction pursuant to paragraph (1) of subdivision (b), both of the following apply:

(1) The employee or consumer may bring a motion, or a separate action, to recover all attorney's fees and all costs associated with the abandoned arbitration proceeding. The recovery of arbitration fees, interest, and related attorney's fees shall be without regard to any findings on the merits in the underlying action or arbitration.

(2) The court shall impose sanctions on the drafting party in accordance with Section 1281.99.

25.    Pursuant to California Code of Civil Procedure § 1281.98, Plaintiff now seeks to recover all attorney's fees, interests and all costs associated with the abandoned arbitration without regard to any findings on the merits in the underlying action or arbitration.

26.    Plaintiff additionally requests, as a sanction pursuant to California Code of Civil Procedure § 1281.99, an order precluding Defendant from (1) moving to compel arbitration against Plaintiff; and (2) arguing that absent class member claims are subject to arbitration.

## PRAYER FOR RELIEF

**WHEREFORE**, reserving all rights, Plaintiff requests judgment against Defendant as follows:

A.    For reasonable attorneys' fees and the costs of suit incurred as a result of the abandoned arbitration;

- 6 -

COMPLAINT

B.    For non-monetary sanctions, as described above; and

C.    For such further relief as may be just and proper.

Dated: April 11, 2025

**GUTRIDE SAFIER LLP**

*/s/ Seth A. Safier*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
  todd@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*

COMPLAINT

# **EXHIBIT A**

JAMS ARBITRATION

REFERENCE No. 5100002134

MAYA WRIGHT-LEVARIO

    **Claimant**

And

DINE GLOBAL BRANDS INC

    **Respondents.**

Attorney for Claimant Wright-Levario

    Gutride Safier LLP

        Francisco J. Rolon

        10 Glenlake Parkway, Suite 130

        Atlanta, GA 30328

        Email: francisco@gutridesafier.com

Attorney for Respondents Dine Global Brands Inc.

    Manatt, Phelps & Phillips

        Kishan Barot

        2049 Century Park East

        Suite 1700

        Los Angeles, CA 90067

        Email: KBarot@manatt.com

**RULING ON CLAIMANT'S REQUEST FOR ADMINISTRATIVE CLOSURE**

This is a case where the *Claimant* filed a Demand alleging several violations of Federal and California law dealing with internet use.  The Claimant alleges she

1

accessed the website of Respondents, and after clicking on the "cookies" link on the site, experienced privacy consequences she did not anticipate or consent to. Eventually, Claimant filed her Demand and among her claims, sought to proceed in this matter as a class action against Respondent.

After Claimant filed her Demand based on individual claims and a class action, Respondent answered the Demand denying all allegations.

The basis for the arbitration proceeding was apparently the Terms of Use agreement triggered after Claimant checked off on the "cookies" screen on Respondent's internet link.  Under the Terms of Use, at Section 13, the Claimant "agreed" to "Binding Arbitration; Class Action Waiver." The Section states: "This section applies to any dispute" with one unrelated exception.  A dispute is defined as "any dispute, action, or other controversy between you and Dine Brands arising out of or in connection with these Terms (including without limitation our Privacy Policy) and/or use of the Site, whether in contract, warranty, tort, statute, regulation, ordinance, or any other legal or equitable basis.  The term "dispute" will be given the broadest possible meaning."

Under Section 13.3. Binding Arbitration, the Terms of Use agreement states that "the dispute will be conducted exclusively by individual confidential binding arbitration governed by the Federal Arbitration Act ("FAA").  Class arbitrations are not permitted. You are giving up the right to litigate disputes in court before a judge or jury (or participate in court as a party or class member."  Furthermore, at Section 13.4, the Claimant is advised the proceeding will be "conducted solely on an

2

individual basis." The arbitration provision does not have any provision that allows the arbitrator selected for the arbitration to decide the nature of the arbitration agreement or the jurisdiction of the arbitrator nor the issue of consent by a party to proceed to arbitration.

With Claimant pursuing her Demand at JAMS, she filed her Demand consisting of a complaint of sixty-one pages on May 28, 2024. Included in her Demand/Complaint were class action allegations. On June 21, 2024, JAMS advised the parties that Claimant opted to assert the Expedited Procedures under the JAMS Rules, especially Rule 16.1, and asked Respondents to respond to this. On July 8, 2024, JAMS further advised the parties that its Minimum Standards would be applied in the matter. Importantly, on July 9, 2024, JAMS notified the parties that while Claimant had filed her Demand/Complaint alleging a class action, under the arbitration contract pertinent to this matter, the Terms of Use, the idea of a class action was precluded and only individual claims were subject to arbitration. The case would therefore, per the contract, proceed as an individual matter.

On July 23, 2024, Respondent filed its Answer to the Demand, denying all allegations.

The first conference call involving the litigants in the case was held on August 27, 2024. At that time, the Arbitrator alerted the parties to the consequence of JAMS rules precluding class action proceedings where the two sides have not agreed to a class action and the arbitration contract precludes class litigation. The

parties were provided a chance to brief the issue.  The Scheduling Order drafted by the Arbitrator discussed the concerns.

On November 4, 2024, the Arbitrator held a further Zoom call on the issue. The Claimant argued that she did not consent to arbitration when she accessed the internet website of Respondents.  Her declaration stated she simply clicked to access without realizing she consented to a future agreement to arbitrate issues regarding the website.  On the other hand, Respondents argued that Claimant voluntarily accessed the cookies format and arguably agreed to the terms of the use, i.e., to resolve disputes via arbitration as is stated in the "Terms of Use" Agreement in the case.  Respondents further argued that Claimant understood this to be so because she has since been the party who *filed the Demand for arbitration* in the case and not Respondents.  To Respondents, this implies her consent to arbitration and its consequences.

The relevance of this is significant.  The cases dealing with cookies and whether the user is "consenting" to arbitration depend on the understanding of the consumer when she "clicks" the cookies acceptance.  The relevant cases include *Berman v. Freedom Financial Network LLC* 30 Fed.4th 849 (9th.Cir. 2022) and *Nguyen v. Barnes & Noble* 763 Fed.3d 1171 (9th.Cir. 2014) and California cases including *Sellers v. Just Answer* (20  ) 73 Cal.App.5th 444 and *Long v. Provide Commerce* (2016) 245 Cal.App.4th 855 and *Weeks v. Interactive Life Forms LLC* (2024) 100 Cal.App.5th 1077. The critical issue regarding the state of mind of the consumer is necessary to resolve in the case.  While the Claimant here has

4

stated in her signed declaration she did not consent to an agreement regarding arbitration, Respondents should be able to challenge and examine the very short declaration as they believe proper.  The legal issue of consent should be subject to challenge as it was in the several cases cited above in this ruling.

Additionally, under the FAA the existence of an arbitration agreement must be determined by the court and not by the arbitrator.  In *Granite Rock Company v. International Brotherhood of Teamsters* 561 US 287, 298 (2010) the Court held that the rule that arbitration is strictly a matter of consent under the contract, and thus that courts *must* typically decide *any* questions concerning the formation or scope of an arbitration agreement between ordering parties to comply with it is a cornerstone for deciding arbitrability disputes. Whether Claimant did consent or not therefore is a threshold matter for the trial court; the sense one gets is this is outside the realm of the arbitrator's jurisdiction especially when, as here, the Terms of Use do not permit this being delegated to the arbitrator.  See also *First Options of Chicago Inc. v. Kaplan* 514 US 938 (1995); *Ahlstrom v. DHI Mortgage Co.* 21 Fed.4th 631 (9th.Cir. 2021).

Therefore, the Arbitrator believes  the factual issue of consent based on this record needs to be determined by a court and not the arbitrator.  The fundamental issues of valid consent to agree to arbitration are judicial decisions that arbitrators are precluded from undertaking based on this Terms of Use contract, at least according to the decisions of the courts cited above.  While the Respondents acted properly in agreeing to arbitrate the Demand filed by Claimants, and did nothing

5

improper, the issue of consent needs to be resolved by a court.  This problem as indicated above, could have been determined earlier than now *if* counsel for Claimant had filed the class action in a court and triggered the anticipated challenge by Respondents that arbitration was the proper forum due to Claimant's "contract" and its arbitration provision.  That did not happen but the Arbitrator believes case law requires it now---the resolution by a court of the consent and contract formation issue.

It is also true that JAMS has decided the late payment of fees (if factually correct based on the evidence) is a breach of the arbitration agreement and allows the case to no longer proceed in *this* arbitration now.  Under CCP 1281.98, the late payment of fees is a material breach of the arbitration agreement.  The claimant has alleged this and claims the agreement to arbitrate is no longer in place.  Of course, and expectedly, Respondent points out this arbitration agreement is expressly controlled by the Federal Arbitration Act and section 1281.98 along with other provisions of the California Arbitration Act do not apply here.  There are considerable valid arguments for this position of Respondent.  Federal cases have supported the preemption of the FAA over the CAA especially when the arbitration agreement explicitly states the FAA controls the agreement.  See *Russell v. Siemens Industry Software* 2024 WL 4545970 (N.D.Ca. 2024); *Belyea v. Greensky Inc.* 637 F.Supp 3d 745, 756-759.  The California Supreme Court has the issue before it having granted review in *Hernandez v. Sohen Enterprises* (2024) 102 Cal.App.5th 222, where the district court of appeal found the FAA preempted section 1281.98.  It

6

is true that at least two California district courts have ruled against preemption, but those cases appear to have had contracts that did not expressly apply the FAA to the agreement.

On this matter, the CCP, *if applicable,* makes late payment of fees a material breach of the agreement which has been adopted by JAMS in this matter.

In summary, the Arbitrator is determining at the present time the request by Claimant that there be administrative closure of the case be granted. If a trial court determines the fee dispute claim by Claimant is not correct and the late payment of fees alleged was inadvertent on the part of Respondent, then the case may be returned as an arbitration. This grant hopefully will allow a court to determine the more fundamental issue whether there is valid consent by the Claimant under the facts of this case. This is an issue that should be determined here also.

DATE: December 20, 2024

Robert L. Dondero

Hon. Robert L. Dondero (Ret.) Arbitrator

7